**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| ROBERT SANTIAGO,<br><br>    Plaintiff,<br><br>v.<br><br>NZONE GUIDANCE, LLC,<br><br>    Defendant. | **Case No.** _____<br><br><br>JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT

1. Robert Santiago (Santiago) brings this lawsuit against Defendant NZone Guidance, LLC (NZone) alleging NZone unlawfully discharging him in retaliation for his complaint of NZone's violations of the Fair Labor Standards Act (FLSA) 29 U.S.C. § 201 *et seq.*

### JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

4. NZone conducts substantial business operations in this District and Division.

5. NZone maintains its corporate headquarters in this District and Division.

### THE PARTIES

6. From approximately March 2018 until July 2019, Santiago worked for NZone as an MWD Operator.

7. Defendant **NZone Guidance, LLC** is a Texas limited liability corporation that can be served with process through its registered agent: **Brad Vaughn, 1407 Faustino Cove, Leander, Texas 78641, USA**.

**COVERAGE UNDER THE FLSA**

8. At all times hereinafter mentioned, NZone has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

9. At all times hereinafter mentioned, NZone has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

10. At all times hereinafter mentioned, NZone has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

11. NZone has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or were produced for commerce, such as oilfield equipment, hand tools, computers, automobiles, and cell phones.

12. NZone's annual gross volume of sales made or business done has exceeded $1,000,000.00 in each of the past three years.

13. At all relevant times hereinafter mentioned, Santiago was engaged in commerce or in the production of goods for commerce.

**FACTS**

14. NZone is an oil and gas service company providing directional drilling and MWD services to oil and gas exploration companies.

15. Santiago worked for NZone from approximately March 2018 until July 2019 as an MWD Operator.

16. NZone paid Santiago a day rate with no overtime compensation.

17. On January 4, 2019, Santiago filed his Notice of Consent to Join, joining an FLSA collective action against NZone styled as *Hiser, et al. v. NZone Guidance, LLC*, Case No. 1:18-cv-01056,

currently pending before Judge Robert Pitman in the Western District of Texas (the FLSA Action).

18. By joining the FLSA Action, Santiago claimed NZone violated the FLSA by misclassifying him as an independent contractor and paying him a day rate with no overtime.

19. In late July 2019, NZone scheduled Santiago to return to work after his regular two weeks off-hitch on August 1, 2019. *See* Ex. 1 (July 19, 2019 test message from Supervisor Jimmy Hight regarding Santiago's new assignment); Ex. 2 (July 23, 2019 text message from Supervisor Perry Reed regarding start date).

20. Santiago expected to earn his regular day rate of $525.00/day, as well as a $35.00/day per diem and $0.50/mile in mileage. *See* Ex. 5 (Santiago's Job Details).

21. Throughout his tenure with NZone, NZone scheduled Santiago to work a 4-weeks-on/2-weeks-off schedule until the completion of any project.

22. But when Santiago reached out to his supervisors the week leading up to his return to receive information regarding his well assignment, they never responded. *See* Ex. 2; Ex. 3 (July 24, 2019 text message from Santiago inquiring why he has not heard anything back regarding his August 1, 2019 return date).

23. Indeed, when Mr. Santiago reached out to one of his coworkers, that coworker informed him that NZone fired him because of his involvement in this litigation. *See* Ex. 4 (July 24, 2019 text messages from Mr. Santiago's coworker admitting he was informed NZone was "not bringing [Mr. Santiago] back" because of his involvement in the lawsuit).

24. Thus, NZone terminated Santiago due to his involvement in the FLSA Action.

25. Due to NZone's retaliatory termination, Santiago not only lost his livelihood, but also (1) is now being blackballed by former coworkers he has known and worked alongside for years; (2) his reputation in the industry has been negatively impacted; and (3) he can no longer afford the extremely costly medications that are necessary for one of his children who has a disability.

26. Santiago has experienced mental anguish and emotional distress.

### CAUSE OF ACTION – RETALIATION FOR REPORTING FLSA VIOLATIONS

27. Santiago complained of NZone's FLSA violations by joining the FLSA Action.

28. NZone subsequently discharged Santiago in retaliation for his complaint of violations of the FLSA through his involvement in the FLSA Action in violation of 29 U.S.C. § 215(a)(3).

29. As a result of NZone's unlawful retaliation against Santiago, specifically terminating him, Santiago has suffered damages, including but not limited to loss of employment, loss of past and future pay, loss of past and future earning capacity, and mental anguish.

30. NZone's retaliatory actions against Santiago for his protected conduct were wanton and malicious and in willful derogation of Santiago's protected rights under the FLSA.

31. Accordingly, Santiago is entitled to past and future lost wages, plus treble (mental anguish) damages, and attorneys' fees and costs.

### JURY DEMAND

32. Santiago hereby demands a trial by jury.

### RELIEF SOUGHT

33. WHEREFORE, Santiago prays for judgment against NZone as follows:

   a. For an Order finding NZone liable for Santiago's lost past and future wages;

   b. For an Order finding NZone liable for mental anguish (treble) damages;

   c. For an Order awarding attorneys' fees, costs and pre- and post-judgment interest; and

   d. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Michael A. Josephson*
    **Michael A. Josephson**
    Texas Bar No. 24014780
    **Andrew W. Dunlap**
    Texas Bar No. 24078444
    **Taylor A. Jones**
    Texas Bar No. 24107823
    **Lindsay Itkin**
    Texas Bar No. 24068647
    **JOSEPHSON DUNLAP, LLP**
    11 Greenway Plaza, Suite 3050
    Houston, Texas 77046
    713-352-1100 – Telephone
    713-352-3300 – Facsimile
    mjosephson@mybackwages.com
    adunlap@mybackwages.com
    tjones@mybackwages.com
    litkin@mybackwages.com

    **AND**

    **Richard J. (Rex) Burch**
    Texas Bar No. 24001807
    **BRUCKNER BURCH PLLC**
    8 Greenway Plaza, Suite 1500
    Houston, Texas 77046
    713-877-8788 – Telephone
    713-877-8065 – Facsimile
    rburch@brucknerburch.com

    **ATTORNEYS IN CHARGE FOR PLAINTIFFS**